DECISION
{¶ 1} Relator, Terrence M. Jerreals, filed an original action in mandamus requesting this court to issue a writ of mandamus ordering respondent, Industrial *Page 2 
Commission of Ohio ("commission"), to vacate its order denying relator temporary total disability ("TTD") compensation, and to enter an order granting such compensation.
 {¶ 2} This court referred this matter to a magistrate pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, recommending that this court deny the requested writ. (Attached as Appendix A.)
 {¶ 3} No party has objected to the magistrate's findings of fact, and we adopt them as our own. In brief, relator was assaulted by a co-worker in February 1999. The co-worker threw a crystal candy dish at relator, striking him on the head, and kicked and struck relator with his fist. As a result of this incident, a claim was allowed for "concussion" and contusion of right forearm. The commission subsequently allowed relator's claim for depression and anxiety.
 {¶ 4} TTD compensation was initially paid beginning in February 1999. It was terminated in March 2001, on grounds that the injury had reached maximum medical improvement.
 {¶ 5} On April 11, 2005, relator moved for additional allowances for concussion and/or intracranial injury with brief loss of consciousness and submitted a report from James J. Anthony, M.D., in support. A medical file review by Rafael Ramirez, M.D., also supported additional allowances for concussion with brief loss of consciousness and post-concussion headaches. Following a September 30, 2005 hearing, a staff hearing officer ("SHO") amended the allowed conditions to include "concussion and intracranial injury with brief loss of consciousness and post-concussion headaches." *Page 3 
 {¶ 6} On a C-84 dated October 31, 2005, John Kelly, M.D., certified a period of TTD from the date of injury to an estimated return-to-work date of February 1, 2006. The form identified Dr. Kelly's objective clinical finding as cerebral concussion. On November 15, 2005, relator moved for TTD compensation beginning January 13, 2005.
 {¶ 7} The Ohio Bureau of Workers' Compensation ("bureau") asked Darrin Bright, M.D., to determine whether relator's new conditions warranted a new period of TTD. The bureau's query identified the additionally allowed conditions as "310.2 Postconcussion Syndrome 850.11 Concussion of LOC 30 Minutes or more[.]" In response, Dr. Bright submitted a detailed, four-page report. He concluded that the documentation in the medical record was not sufficient to substantiate the requested period of disability.
 {¶ 8} Following a January 3, 2006 hearing, a district hearing officer ("DHO") issued an order denying TTD compensation, citing Dr. Bright's report. Following a February 6, 2006 hearing, an SHO issued an order that also denied TTD compensation and cited Dr. Bright's report.
 {¶ 9} As noted, relator filed this mandamus action seeking TTD compensation beginning January 13, 2005. He argued before the magistrate that Dr. Bright's report did not constitute some evidence because it misidentified the additionally allowed condition as "310.2 Postconcussion Syndrome," rather than "post-concussion headaches."
 {¶ 10} The magistrate disagreed and concluded that Dr. Bright's report did constitute some evidence. Relator objects to the magistrate's finding and argues here that the magistrate relied on speculation to conclude that "postconcussion syndrome" is *Page 4 
broad enough to include post-concussion headaches. We disagree with relator, and we adopt the magistrate's analysis and conclusions regarding this issue. Dr. Bright's medical report is comprehensive and clear. In it, Dr. Bright describes "postconcussion syndrome" as characterized by persistent headaches following a closed head injury. Despite his reference to "postconcussion syndrome," rather than the actual allowed condition of "post-concussion headaches," Dr. Bright demonstrated detailed knowledge of relator's injury and medical history, and it was not an abuse of discretion to rely on his report as some evidence. Therefore, we overrule relator's objections.
 {¶ 11} Having overruled relator's objections, and based on an independent review of the evidence, we adopt as our own the magistrate's decision, including the findings of fact and conclusions of law contained in it. Accordingly, we deny the requested writ of mandamus.
Objections overruled, writ of mandamus denied.
 BRYANT and McGRATH, JJ., concur. *Page 5 
 APPENDIX A MAGISTRATE'S DECISION